```
United States District Court
Southern District of New York
```
_____

**WILLODENE ROBINS,**

                       **Plaintiff,**             **07 Civ. 3599 (JGK)**

        **- against -**               **MEMORANDUM OPINION AND**
                                                                                 **ORDER**
**NYC BOARD OF EDUCATION,**

                       **Defendant.**

_____

**JOHN G. KOELTL, District Judge:**

     The plaintiff has moved for an enlargement of time to file an appeal with the Court of Appeals. The Court construes this motion as a motion either to extend or reopen the time to file a notice of appeal. The Court lacks authority to grant the plaintiff's motion.

     Federal Rule of Appellate Procedure 4(a)(5) governs motions to extend the time to file a notice of appeal. Rule 4(a)(5)(A) allows a court to extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." For civil cases not involving the United States or an officer or agency thereof, Rule 4(a) requires that a notice of appeal be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Where, as here, a party files a post-judgment motion to alter or amend the judgment under

Federal Rule of Civil Procedure 59(e), the 30-day clock begins to run when the court disposes of that motion.  Id. R. 4(a)(4)(A).

The judgment in this case was entered on June 22, 2010; the order denying plaintiff's Rule 59(e) motion was entered on July 29, 2010.  Thus, the time to move for extension expired 30 days after July 29, 2010, several months before the plaintiff filed her motion for an enlargement of time.  Therefore, the plaintiff's motion cannot be granted as a motion for an enlargement of time.

Federal Rule of Appellate Procedure 4(a)(6) governs motions to reopen the time to file an appeal.  Rule 4(a)(6) allows a district court to reopen the time to file an appeal "only if" three conditions are met, one of which is that "the motion [to reopen the time to file an appeal] is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier."  Rule 4(a)(6)(B) (emphasis added).  Under this rule, a plaintiff cannot file a motion after the expiration of the 180-day period even if that plaintiff did not receive notice of the judgment or order being appealed until after the 180-day period had expired.

Measured either from the June 22, 2010 entry of the judgment or the July 29, 2010 entry of the motion denying the

plaintiff's Rule 59(e) motion, the 180-day filing period expired no later than January 25, 2011. The plaintiff's motion, which was written on March 16, 2011, fell outside this period as well. Therefore, a motion to reopen the time to file an appeal cannot be granted even if the plaintiff did not receive of the order denying her Rule 59(e) motion until recently. See Gibson v. Artus, No. 05 Civ. 3009, 2010 WL 517592, at *2 (S.D.N.Y. Feb. 3, 2010) ("An appeal cannot be brought more than 180 days after entry, no matter what the circumstances." (quoting Fed. R. App. P. 4(a)(6) advisory committee's note) (brackets omitted)).

Accordingly, the plaintiff's motion is **denied**. The Clerk is directed to close any open motions in this case.

SO ORDERED.

Dated: New York, New York
April 12, 2011

John G. Koeltl
United States District Judge